*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## OLD DOMINION ELECTRIC COOPERATIVE, INC.,
Petitioner

v.

## FEDERAL ENERGY REGULATORY COMMISSION, Respondent

**Public Service Electric and Gas Co., et al., Intervenors.**

No. 04–1307.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 7, 2005.

David E. Pomper, Spiegel & McDiarmid, Gary James Newell, Margaret Elizabeth Mcnaul, Thompson Coburn, Washington, DC, for Petitioner.

Cynthia Ann Marlette, Robert Harris Solomon, Dennis Lane, Solicitor, Federal Energy Regulatory Commission, Washington, DC, for Respondent.

Agary Edward Guy, Baltimore Gas and Electric Company, Baltimore, MD, Kenneth G. Jaffe, Alston & Bird, Donald A. Kaplan, Preston Gates Ellis & Rouvelas Meeds LLP, David Earl Goroff, Bruder, Gentile & Marcoux, Allen C. Barringer, Potomac Electric Power Company, Alice E. Loughran, Steptoe & Johnson, Barry Stewart Spector, Wright & Talisman, Washington, DC, Neil Butterklee, Consolidated Edison Company Of New York, Inc., New York, NY, Randall Bruce Palmer, Allegheny Energy, Inc., Greensburg, PA, David Barry Raskin, Charles Glaston Cole, Richard Parke Bonnifield, Public Service Electric and Gas Company, Newark, NJ, for Intervenors.

Before: GINSBURG, Chief Judge, and SENTELLE and RANDOLPH, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This petition for review of two orders of the Federal Energy Regulatory Commission was presented to the court, and briefed and argued by counsel. It is

**ORDERED** and **ADJUDGED** that the petition for review be dismissed for lack of jurisdiction.

Old Dominion Electric Cooperative, Inc. (Old Dominion) petitions this court to vacate two orders issued by the Federal Energy Regulatory Commission. In the first of the challenged orders, the Commission approved a settlement between the Pennsylvania–New Jersey–Maryland Interconnection and its transmission-owning members in which the parties agreed to a specific allocation of filing rights under § 205 of the Federal Power Act (FPA), 16 U.S.C. § 824d. *Pennsylvania–New Jersey–Maryland Interconnection,* 105 F.E.R.C. ¶ 61,294, 2003 WL 22977330 (2003). In the second order, the Commission denied Old Dominion's request for rehearing of the first order. *Pennsylvania–New Jersey–Maryland Interconnection,* 108 F.E.R.C. ¶ 61,032, 2004 WL 1538484 (2004).

We dismiss the petition for lack of jurisdiction because Old Dominion has not suffered an "injury-in-fact," which is a re-

quirement both for constitutional standing and for standing as an "aggrieved" party under § 313(b) of the FPA, 16 U.S.C. § 825*l* (b). *See DTE Energy Co. v. FERC,* 394 F.3d 954, 960 (D.C.Cir.2005) (party not aggrieved under § 313(b) if it cannot establish constitutional and prudential standing); *Sierra Club v. EPA,* 292 F.3d 895, 898 (D.C.Cir.2002) ("injury-in-fact" an element of constitutional standing). Pursuant to the settlement agreement approved by the Commission, a challenge to the current allocation or any subsequent reallocation of the parties' filing rights under § 205 is subject to the "public interest" standard set out in *United Gas Pipe Line Co. v. Mobile Gas Service Corp.,* 350 U.S. 332, 344–45, 76 S.Ct. 373, 100 L.Ed. 373 (1956), and *Federal Power Commission v. Sierra Pacific Power Co.,* 350 U.S. 348, 355, 76 S.Ct. 368, 100 L.Ed. 388 (1956). Old Dominion concedes it is not challenging the Commission's approval of the current allocation of filing rights; it maintains, rather, that the Commission "[im]properly approved the raising of a high legal hurdle that complainants will face should they seek such changes in the future." By its own admission, therefore, Old Dominion does not allege an actual or an imminent injury. Rather, Old Dominion claims it may be burdened unlawfully in some future challenge to a reallocation of the parties' filing rights, should there be one, in which the Commission applies the *Mobile–Sierra* "public interest" standard to Old Dominion's detriment. Without any concrete injury before us, we lack jurisdiction to entertain Old Dominion's petition at this time. This disposition is, of course, without prejudice to Old Dominion's right to petition anew should the injury it anticipates ever materialize in fact.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.